**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JACOB DRAKE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLORIDA POLICE BENEVOLENT ASSOCIATION, INC., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Jacob Drake ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Florida Police Benevolent Association, Inc. ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of Plaintiff's counsel, as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1.      This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations adopted by the Federal Communications Commission ("FCC"), the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"), and the Florida Security of Communications Act, Fla. Stat. § 934.01 ("FSCA").

2. As alleged herein, Defendant violated the TCPA, FTSA and FSCA by (1) placing automated calls to Plaintiff and the proposed Class ("Class," defined below) without prior express written consent; (2) failing to honor opt-out requests from Plaintiff and Class members to not receive further calls by or Defendant's behalf; and (3) recording its conversations with Florida residents without their consent.

3. Through this action, Plaintiff seeks injunctive relief to end Defendant's ongoing and future violations of the TCPA, FTSA and FSCA. Plaintiff also seeks an award of statutory damages and liquidated damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

4. **Subject Matter Jurisdiction.** This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over Plaintiff's FTSA and FSCA claims pursuant to 28 U.S.C § 1367 as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

5. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because Defendant is a Florida corporation with its principal place of business in Florida, and because this suit arises out of and relates to Defendant's unlawful contacts with Plaintiff while located in Florida.

6. **Venue.** Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7.     Plaintiff is a natural person and, at all relevant times, was a resident of Manatee County, Florida.

8.     Defendant is a Florida corporation with its principal place of business in Tallahassee, Florida.

## FACTUAL ALLEGATIONS

9.     At all relevant times, Plaintiff was the subscriber and primary user of a cellular telephone number ending in 2185.

10.     Plaintiff's 2185 number is Plaintiff's residential line.

11.     To solicit donations for its organization, Defendant engages in aggressive and intrusive telemarketing to consumers using automated calls, without prior express written consent.

12.     Defendant continues to place solicitation calls even after requests from Plaintiff and the Class members to not receive further calls by or on Defendant's behalf.

13.     Beginning around February 19, 2024, Defendant—or third-parties acting on Defendant's behalf—began placing calls to Plaintiff's cell phone using automated technology in order to solicit a charitable contribution including, for example and without limitation, the following calls:

   a.  9/6/2024 at 10:21 p.m. from 941-500-0449;

   b.  9/17/2024 at 5:26 p.m. from 941-667-2245; and

3

c.  9/19/2024 at 2:30 p.m. from 941-500-0459.

14.    Plaintiff never consented to receive automated calls or any solicitation calls from Defendant.

15.    Plaintiff alleges upon information and belief that Defendant recorded each telephone conversation it had with Plaintiff without either Plaintiff's prior knowledge or consent.

16.    At no time did Plaintiff ever provide actual or constructive prior consent to Defendant to record any of the telephone calls.

17.    At no point did Plaintiff have a reasonable expectation that any of the conversations with Defendant were being recorded.

18.    Defendant did not inform or warn Plaintiff that its outgoing telephone calls may be or will be recorded within a reasonable time, and any purported attempt by Defendant to disclose its recording of Plaintiff was insufficient to obtain prior consent because (1) it was made after Defendant had already begun recording Plaintiff's communications; (2) it was not sufficiently conspicuous to be noticed by Plaintiff; and/or (3) Plaintiff never consented to being recorded.

19.    Moreover, the facts here suggest that Defendant used an automatic telephone dialing system to place the telephone calls at issue to Plaintiff and the Classes because (1) Plaintiff never provided Defendant with his telephone phone number; (2) Plaintiff has no established business relationship with Defendant; and (3)

the content of Defendant's telephone calls were generic and ostensibly designed for *en masse* transmission.

20. Defendant's unlawful calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, trespass, intrusion upon seclusion, wasted time, disruption to their personal and daily lives and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

> **TCPA Autodialer Class:** All persons within the United States (1) to whom Defendant placed a call, (2) directed to a telephone number assigned to a cellular telephone service (3) using the same equipment or type of equipment used to call Plaintiff, (4) from four years prior to the date of filing of this action, through the date of class certification.

> **FTSA Internal DNC Class:** All persons in the State of Florida who, between July 1, 2021, and the date of class certification, (1) received a telephone call, (2) by or on behalf of Defendant, (3) for the purpose of soliciting a charitable contribution, (4) after they communicated that they do not wish to receive an outbound telephone call made by or on behalf of Defendant.

> **FSCA Wiretap Class:** All persons residing within the State of Florida who, from two years prior to the date of filing of this action, through the date of class certification, (1) received a telephone phone call by or on behalf of Defendant (2) where Defendant recorded the call without the recipients prior consent.

22. The Classes defined above are, at times, referred to herein individual or collectively as the "Class."

23. Plaintiff reserves the right to expand or narrow the definitions of the Classes following discovery.

24. Excluded from the Class is Defendant and its employees and agents.

25. *Numerosity*. The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery as Defendant maintains internal records that can be used to identify each member of the Class, such that identification of the Class members is a matter capable of ministerial determination from Defendant's records.

26. *Common questions of law and fact predominate.* There are numerous questions of law and fact that are common to the Class that predominate over any questions affecting only individual members of the Class, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

      a. Whether Defendant placed telephone calls to Plaintiff and the Class using an automatic telephone dialing system within the meaning of the TCPA;

b. Whether Defendant can meet its burden of showing that it had prior express written consent to place telephone calls to Plaintiff and the Class using automated means;

c. Whether Defendant initiated an outbound telephone call to potential donors who previously communicated that they did not wish to receive an outbound telephone call made on behalf of Defendant;

d. Whether Defendant recorded calls with Class members without their prior consent;

e. Whether Defendant acted knowingly or willfully in placing the unlawful calls at issue;

f. Whether Defendant is liable to Plaintiff and the Class for statutory damages and/or liquidated damages, and the amount of such damages; and

g. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. *Typicality.* Plaintiff's claims are typical of the claims of each member of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

28. *Adequacy of Representation.* Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex

consumer class action litigation, and TCPA litigation specifically, and Plaintiff intends to vigorously prosecute this action. Plaintiff also has no interests that are antagonistic to those of the members of the Class.

29.     *Superiority.* A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class amount to millions of dollars, the amount of individual damages available to each member of the Class as a result of Defendant's violations of law alleged herein does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.     Further, the prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

## COUNT 1

**Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA Autodialer Class)**

31.     Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

32.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

33.     It is also a violation of the TCPA's implementing regulations adopted by the FCC to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 C.F.R. § 64.1200(a)(1)(iii).

34.     Additionally, it is a violation of the TCPA's implementing regulations to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64.1200(a)(2).

35.     As alleged herein, Defendant—or third-parties acting on Defendant's behalf— placed telephone calls to the cellular telephone numbers of Plaintiff and the Class using an automatic telephone dialing system.

36.     The following facts strongly suggest that Defendant used an automatic telephone dialing system to place the calls at issue to Plaintiff and the Class: (1) Plaintiff never provided Defendant with his telephone phone number; (2) Plaintiff has no established business relationship with Defendant; and (3) the generic and impersonal nature of Defendant's voicemails were ostensibly designed for *en masse* transmission.

37.     Defendant did not have prior express written consent to place telephone calls to Plaintiff and the Class using an automatic telephone dialing system.

38.     Defendant, therefore, violated Section 227(b)(1)(A)(iii) and the TCPA's implementing regulations in Sections 64.1200(a)(1)(iii) and (a)(2).

39.     As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

40.     Plaintiff and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

41.     Plaintiff and the Class members are also entitled to an award of statutory damages of $500.00 for each telephone call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

42. Because Defendant knew or should have known that it was using an automatic telephone dialing system to place calls without prior express written consent, Defendant's violations of the TCPA were willful or knowing.

43. Under the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

## COUNT 2

### Violations of the FTSA, Fla. Stat. § 501.059(5)
### (On Behalf of Plaintiff and the FTSA Internal DNC Class)

44. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Count, as though fully set forth herein.

45. It is a violation of the FTSA for a "telephone solicitor or other person" to "initiate an outbound telephone call...to a...donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call...[m]ade on behalf of a charitable organization for which a charitable contribution is being solicited." Fla. Stat. § 501.059(5).

46. Defendant is, and at all times relevant was, a "charitable organization" within the meaning of the FTSA.

47. In addition, and/or in the alternative, Defendant is, and at all times relevant was, an "other person."

11

48. Defendant—or third-parties acting on Defendant's behalf—initiated outbound telephone calls to Plaintiff and the Class to solicit charitable contributions.

49. Defendant initiated outbound telephone calls to Plaintiff and the Class who received such calls while located in Florida.

50. Plaintiff and the Class members communicated to Defendant that they do not wish to receive outbound telephone calls made by or on behalf of Defendant.

51. Defendant continued to initiate outbound telephone calls to Plaintiff and the Class after their request not to receive any further outbound telephone calls made by or on behalf of Defendant .

52. Thus, Defendant violated Section 501.059(5) of the FTSA.

53. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

54. Plaintiff and the members of the Class are entitled to an injunction against Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

55. Plaintiff and the Class are entitled to an award of liquidated damages of $500.00 for each telephone call that Defendant placed in violation of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(2).

56. Because Defendant knew or should have known that it was initiating outbound solicitation calls to consumers who previously communicated that they do

not wish to receive an outbound telephone call made by or on behalf of Defendant, Defendant's violations of the FTSA were willful or knowing.

57.    Thus, Plaintiff and the Class are entitled to an award of liquidated damages of $1,500 for each call that Defendant placed in willful or knowing violation of the FTSA. Fla. Stat. § 501.059(10)(b).

58.    Under Fla. Stat. § 501.059(11)(a), Plaintiff is entitled to recover reasonable attorney fees and costs from the Defendant.

## COUNT 3

### Violation of the FSCA, Fla. Stat. § 934.03(1)(a)
### (On Behalf of Plaintiff and the FSCA Recorded Class)

59.    Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

60.    It is a violation of the FSCA to "intentionally intercept[], endeavor[] to intercept, or procure any other person to intercept or endeavor to intercept any wire, oral, or electronic communication." Fla. Stat. § 934.03(1)(a).

61.    Defendant intentionally intercepted and/or procured other persons to intercept or endeavor to intercept oral communications made by Plaintiff and members of the Class.

62.    Defendant knowingly employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

13

63.     Upon information and belief, recording equipment was used to record the telephone conversations of Plaintiffs and the members of the Class.

64.     Defendant failed to obtain prior consent from Plaintiff and the member of the Class prior to intercepting their communications.

65.     Thus, Defendant violated Section 934.03(1)(a) of the FSCA as to Plaintiff and the members of the Class.

66.     Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FSCA.

67.     Plaintiff and the members of the Class are entitled to equitable relief, which includes an injunction, against Defendant's ongoing and future violations of the FCSA. Fla. Stat. § 934.10(1)(a).

68.     As a result of Defendant's conduct Plaintiff and the Class are entitled to an award of "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla. Stat. § 934.10(1)(b).

69.     Because Defendant knew or should have known that it was recording conversations of Plaintiff and the Class members without prior consent, the Court should award punitive damages under Fla. Stat. § 934.10(1)(c).

70.     Under Fla. Stat. § 934.10(1)(d), Plaintiff is also entitled to recover from Defendant his "reasonable attorney's fees and other litigation costs reasonably incurred."

14

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. A Declaration that Defendant's actions alleged herein violate the TCPA;

C. A Declaration that Defendant's actions alleged herein violate the FTSA;

D. A Declaration that Defendant's actions alleged herein violate the FSCA;

E. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

F. An award to Plaintiff and each member of the Class of liquidated damages of $500 for each violation of the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

G.     An award to Plaintiff and each member of the Class of liquidated damages of $100 a day for each day of violation of the FSCA or $1,000, whichever is higher;

H.     An award to Plaintiff and the Class of their reasonable attorneys' fees and the costs of this action;

I.     An award of pre- and pos-judgment interest;

J.     An injunction against Defendant's ongoing and future violations of the TCPA, the FTSA and the FSCA; and

K.     Such further and other relief as the Court deems just and necessary.

Dated: April 2, 2025                    Respectfully submitted,

**GOLD LAW, P.A.**

*/s/ Christopher Gold*
Christoper Gold, Esq.
Florida Bar No. 088733
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Classes*